# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMELA J. PETROSKEY,
                Appellant,

        v.

SOCIAL SECURITY
   ADMINISTRATION,
                Agency.

DOCKET NUMBER
AT-0752-16-0443-I-1

DATE: September 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Pamela J. Petroskey, Palmetto, Florida, pro se.

Ashley M. Johnson, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 On January 31, 2015, the appellant retired from her position as a GS-12 Technical Expert. Initial Appeal File (IAF), Tab 1 at 1, 8. Thereafter, she filed a formal equal employment opportunity (EEO) complaint alleging, among other things, that she had been forced to retire due to a hostile work environment and harassment based on age (over 40) and gender. *Id.* at 8-13; IAF, Tab 11 at 16-30. On March 25, 2016, the agency issued a final agency decision finding that the appellant failed to show that the agency forced her to retire and finding that the agency did not constructively discharge her when she retired and that she failed to prove that the agency discriminated against her as alleged. IAF, Tab 1 at 8‑20.

¶3 On April 11, 2016, the appellant timely appealed her alleged involuntary retirement to the Board and requested a hearing. IAF, Tab 1. The administrative judge issued a jurisdictional order informing the appellant that the Board lacks jurisdiction over voluntary actions, such as resignations and retirements, and ordered her to submit evidence and argument amounting to a nonfrivolous allegation that her retirement was involuntary because of duress, coercion, or

misrepresentation by the agency. IAF, Tab 6. The parties responded to the jurisdictional order, and the agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 10-11.

¶4    In an initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her retirement was involuntary and dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 12, Initial Decision (ID). The administrative judge also found that, absent an otherwise appealable action, the Board lacked jurisdiction to address the appellant's discrimination claims. ID at 8. The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 4.

¶5    Generally, the Board lacks the authority to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that her retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). An appellant is only entitled to a jurisdictional hearing over an alleged involuntary retirement if she makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *Id.*, ¶ 16. Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could show Board jurisdiction over the matter at issue. *Id.*

¶6    To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's retirement, the employee had no realistic alternative but to retire, and the employee's retirement was the result of improper acts by the agency. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *Vitale v. Department of Veterans*

*Affairs*, [107 M.S.P.R. 501](#), ¶ 19 (2007).  The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice.  *Vitale*, [107 M.S.P.R. 501](#), ¶ 19.

¶7          When, as here, the employee alleges that the agency took actions that made her working conditions so intolerable that she was driven to an involuntary retirement, the Board will find her retirement involuntary only if she demonstrates that the agency engaged in a course of action that made her working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to resign or retire.  *Id*., ¶ 20.  In making this determination, the Board will consider allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.  *Id.*

¶8          In the appellant's EEO complaint, she alleged that the agency harassed her and subjected her to a hostile work environment when, from May 2014 through January 31, 2015, her supervisors:  (1) criticized her and gave her a written reprimand for starting work before 7:00 a.m.; (2) failed to pay her overtime on the two to four times per year when they asked her to open the office door in the morning for her coworkers; (3) assigned her more cases than they assigned to younger employees and did not give her "desk days" to catch up on her work, as they did for male employees; (4) told her she could not wear tennis shoes in the office on one occasion; (5) told her that she had not properly explained something to a claimant on one occasion; and (6) gave her an incorrect performance appraisal in October 2014.  IAF, Tab 1 at 8-13, Tab 11 at 16-29.  The appellant claimed that these incidents forced her to retire because she "could not work under those conditions any longer and it was affecting [her] health."  IAF, Tab 11 at 29.  In response to the administrative judge's jurisdictional order, the appellant asserted that she was "compelled to retire under duress" because "[t]he bullying, sex and age discrimination, as well as the hostile work environment

caused [her] great emotional stress," which "caused [her] physical pain, stress eating, chest pains, anxiety, panic attacks and sleeplessness." IAF, Tab 10 at 1. She also stated that she was "diagnosed with an ulcer due to stress in January 2015." *Id.*

¶9　　As noted above, the administrative judge determined that the appellant failed to nonfrivolously allege that her retirement was involuntary. ID at 6-8. In so finding, the administrative judge explained that, even if true, the events described by the appellant, such as disagreements over work hours and assignments, job performance, and office attire, amounted to routine workplace occurrences between employees and supervisors. ID at 7. The administrative judge also found that nothing in the record suggested that the appellant was deprived of free choice in deciding to retire. ID at 7-8. On review, the appellant reiterates her contention that the agency subjected her to a hostile work environment and complains that her supervisors "purposefully overloaded" her with work and ignored her requests for assistance, which caused her stress and anxiety, and left her "no choice but to retire." PFR File, Tab 1 at 3-5.

¶10　　It is well settled, however, that an employee is not guaranteed a stress-free work environment and dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign. *Brown*, 115 M.S.P.R. 609, ¶ 15; *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Likewise, an employee's dissatisfaction with her performance rating would not compel a reasonable person to resign. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 9 (2007). Here, the appellant has alleged that she was dissatisfied with her supervisors, her work assignments, work schedule, one performance evaluation, and the lack of overtime pay on two to four occasions per year. She has further alleged that her work environment was stressful and that the stress exacerbated her medical conditions. However, we agree with the administrative judge that she has failed to make a sufficient allegation of a

coercive or improper act on the agency's part that could have left a reasonable person in her position with no other choice but to retire. *See Staats*, 99 F.3d at 1124 (explaining that the narrow doctrine of coercive involuntariness applies when a decision to retire "was the result of improper acts by the agency" and not merely when an employee retires because "he does not want to accept [actions] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave"); *Vitale*, 107 M.S.P.R. 501, ¶ 26 (finding that, although an agency official may have caused an appellant apprehension, which exacerbated his medical ailments, he failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire).

¶11    Based on the foregoing, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction without holding a hearing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.